IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR 107-016 |
| | ) | |
| CYNTHIA P. HARRIS | ) | |

## ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Cynthia P. Harris. The United States of America, by and through its attorney, Edmund A. Booth, Jr., Acting United States Attorney for the Southern District of Georgia, and Richard H. Goolsby, Assistant United States Attorney, has filed a combined response to these motions.

### GENERAL DISCOVERY MOTION

As to Defendant Harris's general discovery requests, the government states that it has provided Defendant virtually its entire file through its "open file" discovery policy. The government has provided defense counsel with its entire investigative file (including all investigative reports and Defendant's statements but excluding attorney and agent work product and correspondence). Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's investigative file pertaining to this case renders Defendant's discovery requests **MOOT**. (Doc. no. 17).

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit, not later than five (5) days from the date of this Order, a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

## MOTION FOR LIST OF GOVERNMENT WITNESSES

Defendant Harris has filed a motion requesting that the government be ordered to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. <u>United States v. Massell</u>, 823 F.2d 1503, 1509 (11th Cir. 1987); <u>United States v. Johnson</u>, 713 F.2d 654, 659 (11th Cir. 1983); <u>United States v. Colson</u>, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This, in essence, moots Defendant's request. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at

2

most the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, this motion is **DENIED**. (Doc. no. 16).

## MOTION TO DISCLOSE GRAND JURY PROCEEDINGS and TO PROVIDE TRANSCRIPTS THEREOF

Defendant Harris moves to disclose grand jury proceedings, including a transcript thereof. "A defendant must show 'particularized need' to justify infringement of the secrecy surrounding a grand jury. . . . Unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." United States v. Cole, 755 F.2d 748, 758-59 (11th Cir. 1985); United States v. Tucker, 526 F.2d 279, 282 (5th Cir. 1976); see also United Kingdom v. United States, 238 F.3d 1312, 1321-22 (11th Cir. 2001) (recognizing that Eleventh Circuit precedent requires showing of "particularized need" to obtain disclosure of protected grand jury materials). Defendant has expressed a general desire to review those records but has not attempted to show a particularized need for them. Accordingly, the motions for disclosure of grand jury proceedings and the transcripts thereof are **DENIED**. (Doc. nos. 10, 25). The Court is aware that the government has stated its intent to provide Jencks Act materials, including the grand jury transcripts, seven (7) days prior to trial.

## MOTION TO DETERMINE EXISTENCE OF CONFIDENTIAL INFORMANT OR SOURCE

Defendant Harris filed this motion seeking disclosure of confidential informants. (Doc. no. 15). The government states that it is unaware of any confidential informants or sources involved in this case. (Doc. no. 30, p. 5). Therefore, Defendant's motion is rendered **MOOT**.

3

## MOTION FOR AGENTS TO RETAIN ROUGH NOTES

Defendant has filed a motion for agents to retain rough notes. Defendant does not demand disclosure or production of the notes, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The government has not opposed this motion. This motion is **GRANTED**. (Doc. no. 13).

## MOTION TO RESERVE THE RIGHT TO FILE ADDITIONAL MOTIONS

This motion filed by Defendant Harris is **DENIED**. (Doc. no. 21). The Court ordered that all motions in this case were to be filed within ten (10) days of the date of arraignment and that untimely motions would not be considered absent a showing of good cause for failure to file within the time set by the Court. This Order, however, does not prohibit Defendant from making her showing of cause contemporaneously with the filing of out-of-time motions.

## MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant Harris filed motions seeking the government to give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer

4

> into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3.

In its Arraignment Order dated March 7, 2007 (doc. no. 29), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosure in accordance with the Local Rules. Accordingly, this motion requesting 404(b) disclosures, which the government has already been directed to make, is **MOOT**. (Doc. no. 12).

## MOTION FOR A BILL OF PARTICULARS

In this case, Defendant Harris is charged in two counts with violations of 18 U.S.C. § 657. She has filed this motion for a bill of particulars that seeks from the government information concerning the identity of "others" wherever set forth in the indictment and the identity of any unindicted co-conspirators known to the government.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may seek from the Court a bill of particulars setting forth the time, place, manner, and means of commission of the crime alleged in the indictment. The purpose of the bill of particulars is to give notice of the offenses charged in the indictment so that a defendant may prepare a defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)). Where necessary, the bill of particulars supplements the indictment by providing the accused with information necessary for trial preparation. Id. Generalized discovery is not a proper purpose in seeking a bill of particulars. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) (quoting

5

United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)). Nor is it a device intended to secure for the defense the government's explanation of its theory of the case. United States v. Hajecate, 683 F.2d 894, 898 (5th Cir. 1982). Absent a showing that a defendant cannot prepare a defense without the government providing the identity or identities of an unindicted co-conspirator(s), such information need not be revealed in response to a motion for a bill of particulars. Colson, 662 F.2d at 1391.

The determination of whether a bill of particulars should be ordered may only be decided in light of the particular circumstances of each case. United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1987). The question is committed to the sound discretion of the trial court whose decision will be reversed only where denial of the motion results in surprise to a defendant at trial resulting in prejudice to his substantial rights. United States v. Draine, 811 F.2d 1419, 1421 (11th Cir. 1987) (*per curiam*) (citing United States v. Hawkins, 661 F.2d 436, 451-52 (5th Cir. Unit B Nov. 1981)). In this case, the government has granted liberal discovery consisting of its entire investigative file (attorney and agent work product and correspondence excepted) and including accelerated Jencks Act disclosures and police reports from applicable state, local and federal agencies. It is also noted that the indictment in the case is specific and supports each of the requisite elements of the charged offenses. Under these circumstances, information essential to the defense is being provided and the need for particulars is nonexistent. In any event, since discovery material is being made available, a ruling on a bill of particulars would appear to be premature and unnecessary. Discovery should cure any need for additional information to adequately defend the charges. Therefore, Defendant's motion is **DENIED**. (Doc. no. 19).

## MOTION TO PRODUCE DEFENDANT'S PRIOR RECORD

The government states that it is aware of its continuing obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), but as of the time of filing its response to these pre-trial motions, it is unaware of Defendant having any prior felony convictions. This request is therefore, **MOOT**. (Doc. no. 22).

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). However, early disclosure of Jencks Act materials will avoid unnecessary delay and inconvenience to the Court and jury. The government does not oppose the motion. The government also states that it is willing to provide Jencks Act materials, including grand jury transcripts, one week prior to trial. The government is **HEREBY INSTRUCTED** to provide Jencks Act materials seven (7) days prior to trial to provide defense counsel a meaningful opportunity to assess these statements. (Doc. no. 9).

## MOTION FOR IDENTITY AND QUALIFICATIONS OF EXPERT WITNESSES

Defendant Harris has filed a motion seeking the expert witness disclosures mandated by Fed. R. Crim. P. 16(a)(1)(G). That Rule provides:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under

Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

It has been suggested that the extent of the disclosures or the required detail will depend on the nature of the particular expert opinion involved. United States v. Jackson, 51 F.3d 646, 651 (7th Cir. 1995).

In its response, the government states that the information sought by this motion has been provided via its "open file" discovery policy. Therefore, this motion is **MOOT**. (Doc. no. 14).

## SPECIAL MOTION FOR PRODUCTION OF STATEMENTS

Defendant argues that she is entitled to disclosure of statements of witnesses the government does not intend to call as witnesses. (Doc. no. 11). The Court disagrees. Rule 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
>   (i) the item is material to preparing the defense;
>   (ii) the government intends to use the item in its case-in-chief at trial; or
>   (iii) the item was obtained from or belongs to the defendant.

Under this Rule, Defendant is entitled to discover certain materials if they are either (1) material to the preparation of the defense, or (2) intended by the government to be used as

8

evidence, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). However, this Rule is qualified and limited by Rule 16(a)(2), which provides:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

It can be seen that Rule 16(a)(2) prevents the "discovery or inspection . . . of statements made by government witnesses except as provided in 18 U.S.C. § 3500." Even if the statements satisfy one of the requirements of Rule 16(a)(1)(E), their discovery by Defendant is still barred by Rule 16(a)(2) unless those witnesses will testify at trial. In that case, the statements would be discoverable pursuant to the Jencks Act. See generally United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006) (reviewing requirements for disclosure of statements of witnesses testifying at trial and explicitly noting that "Jencks Act does not apply to the statements of non-testifying witnesses"). The statements of persons the government does not intend to call as witnesses at trial amount, therefore, to nothing more than internal memoranda discovery of which is not permitted pursuant to the explicit mandate of Rule 16(a)(2). If the statements are not otherwise discoverable pursuant to the rule in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny and no showing of materiality is made, they are not discoverable at all. (Doc. no. 11).

## MOTION FOR IMMEDIATE DISCOVERY OF AUDIO TAPE RECORDINGS AND/OR VIDEO TAPE RECORDINGS AND TRANSCRIPTS THEREOF

In this motion, Defendant seeks the disclosure of all audio tape recordings and/or video tape recordings of any conversations overheard or recorded by the use of any electronic device or telephone extension or any video device from which any evidence in this case may derive. The government responds that it has informed defense counsel that there are no tape recordings in this case. Therefore, the motion for disclosure of audio and video tapes and transcripts thereof is rendered **MOOT**. (Doc. no. 20).

## MOTION FOR RECIPROCAL DISCOVERY

This motion filed by the government seeks reciprocal discovery from Defendant in this case under Rule 16(b) of the Federal Rules of Criminal Procedure. In light of the government's willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, the motion is **GRANTED**. (Doc. no. 30).

SO ORDERED this 25th day of April, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA   *

      vs.   *     CASE NO. 1:07-cr-16

CYNTHIA P. HARRIS   *

  *

  *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as order _____ dated 4/25/07 _____, which is part of the official records of this case.

Date of Mailing: 4/25/07
Date of Certificate: 4/25/07

SCOTT L. POFF, CLERK

By: _L. Jordan_

NAME:
1. Cynthia P. Harris
2. John T. Garcia
3. 
4. 
5. 
6. 
7. 

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds